[Cite as *State v. Roberts*, 2021-Ohio-681.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200080 |
| | | TRIAL NO. 19CRB-29070 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| LIONELL ROBERTS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 10, 2021


*Andrew Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Meagan D. Woodall*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller,* Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellee.

**BERGERON, Presiding Judge.**

{¶1}    The state appeals from the dismissal of its domestic violence charge against defendant-appellee Lionell Roberts.  The trial court dismissed this case after the state's key witness stormed out of the courtroom before cross-examination, and the state contends that the court should have rendered a verdict anyway.  We see two problems with this argument: first, the state never broached this point below, and second, the Confrontation Clause prevented the trial court from considering the witness's testimony (and the state admittedly had no other evidence of guilt).  We accordingly affirm the court's judgment and overrule the state's assignment of error.

{¶2}    This domestic violence charge stems from threats that Mr. Roberts allegedly made to a female friend while they celebrated his birthday together at his house.  As the festivities wore on, Mr. Roberts began using disrespectful language towards her, and she concluded that it was time to leave.  In response, Mr. Roberts allegedly grabbed a long butcher knife, brandishing it in her direction, admonishing: "you ain't going nowhere."  The state charged Mr. Roberts with domestic violence under R.C. 2919.25(C), arising out of this incident.

{¶3}    At the bench trial, the friend testified on direct examination but grew frustrated by the court's repeated interruptions, asking her to slow down so that her testimony could be better understood.  Matters continued to escalate between her and the court, resulting in the witness announcing that she didn't want to talk anymore, and prompting the court to conclude that she should leave.  She then departed the courtroom, leaving the state in a bind since it admitted that it could not proceed without its witness.  Under those circumstances, the trial court dismissed the case, and this appeal follows.

2

{¶4} In its sole assignment of error, the state argues that the trial court erred by dismissing the case instead of deciding it on the merits—either guilty or not guilty. The state's problem here is twofold. First, since it failed to object below, it is limited to plain error review. *State v. Burgett*, 2019-Ohio-5348, 139 N.E.3d 940, ¶ 30 (1st Dist.) ("For this court to reverse on plain error, we must find that (1) there was an error, (2) the error was plain, i.e., an obvious defect in the trial court proceedings, and (3) the error affected substantial rights, i.e., it affected the outcome of the trial.").

{¶5} And even if the state could establish error, the Confrontation Clause looms as a barrier it cannot circumvent. The Sixth Amendment to the United States Constitution guarantees an accused the right "to be confronted with the witnesses against him." And " ' "the main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." ' " *State v. Cooley*, 1st Dist. Hamilton No. C-930644, 1994 WL 570254, *5 (Oct. 19, 1994), quoting *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), quoting 5 J. Wigmore, *Evidence*, Section 1395, at 123 (3d Ed.1940). Thus, unless the state could present other evidence to make its case, the trial court lacked any admissible evidence upon which it could convict. *See, e.g., State v. Smith*, 2019-Ohio-3257, 141 N.E.3d 590, ¶ 10 (1st Dist.) ("Therefore, the Confrontation Clause prohibits 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.' "), quoting *Crawford v. Washington*, 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), paragraph (a) of the syllabus; *United States v. Sensi*, 879 F.2d 888, 899 (D.C.Cir.1989) (acknowledging that had a witness testified against

the defendant "and then refused to be cross-examined, [the defendant's] right of confrontation would require that the witness' testimony be stricken."); *State v. Woods*, 48 Ohio App.3d 1, 5, 548 N.E.2d 954 (1st Dist.1988) (holding that it was error to admit grand jury testimony of uncooperative witness because it violated defendant's right to confrontation). Notably, the state fails to reconcile its argument with the Confrontation Clause.

{¶6} We confess to being somewhat confused as to the thrust of the state's appeal. If the court had rendered a verdict, as the state now claims it should have done, that verdict would have necessarily been an acquittal by virtue of the Confrontation Clause. The state had no other evidence of guilt and admitted as much—without any evidence, the court could not possibly have found Mr. Roberts guilty. As a result, the trial court did not commit plain error in dismissing the state's case against Mr. Roberts. Even if the court chose the wrong procedural path, it reached the right destination. We accordingly overrule the state's assignment of error and affirm the judgment below.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion

4